IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| K.M.　　　　　　　　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　） | |
| 　　　　Plaintiff,　　　　　　　） | |
| 　　　　　　　　　　　　　　　　） | |
| 　　v.　　　　　　　　　　　　　） | Civil Action No. 23-391-SRF |
| 　　　　　　　　　　　　　　　　） | (Consolidated) |
| ADULT AND PRISON EDUCATION　） | |
| RESOURCES WORKSHOP　　　　　） | |
| 　　　　　　　　　　　　　　　　） | |
| 　　　　Defendant.　　　　　　） | |
| DELAWARE DEPARTMENT OF　　　） | |
| EDUCATION, ADULT AND PRISON　） | |
| EDUCATION RESOURCES WORKSHOP） | |
| 　　　　　　　　　　　　　　　　） | |
| 　　　　Plaintiff,　　　　　　　） | |
| 　　　　　　　　　　　　　　　　） | |
| 　　v.　　　　　　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　） | |
| K.M.　　　　　　　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　） | |
| 　　　　Defendant.　　　　　　） | |

**MEMORANDUM ORDER**[1]

At Wilmington this **24th** day of **June, 2025**, the court having considered the pending motion to dismiss Count I of K.M.'s counterclaims, (D.I. 28),[2] IT IS ORDERED that the motion to dismiss is DENIED for the following reasons.

1. **Background.** The following facts are taken from K.M.'s counterclaims. (D.I. 25 at 24-55) In January of 2021, K.M. was a pretrial detainee at the Howard R. Young Correctional Institution ("Young"). (*Id.* at ¶ 3) At that time, he was eligible for special education and related

---

[1] On June 21, 2024, the parties consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings. (D.I. 18)

[2] The briefing associated with the pending motion to dismiss is found at D.I. 31.

services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* and had a right to receive a free and appropriate public education ("FAPE") while he was incarcerated. (*Id.*) K.M. enrolled in APER's education program on or around January 14, 2021. (*Id.* at ¶ 11)

2. On August 17, 2022, K.M. filed a Special Education Due Process Complaint against the Adult and Prison Education Resources Workgroup ("APER") of the Delaware Department of Education ("DDOE"), alleging violations of his right to a FAPE. (*Id.* at ¶¶ 4, 12) After an evidentiary hearing, the hearing panel issued a decision and order on March 7, 2023 finding that APER violated K.M.'s right to a FAPE by: (i) failing to create an individualized education plan ("IEP") designed to provide him with a FAPE; (ii) failing to provide appropriate educational programming; (iii) failing to provide special education and related services in K.M.'s least restrictive environment ("LRE"); (iv) failing to follow timeframes relating to the adoption of IEPs and reevaluations; and (v) failing to provide copies of K.M.'s records to counsel. (*Id.*)

3. K.M. initiated the instant litigation in this court on April 6, 2023 by filing a petition for attorney's fees as the prevailing party at the administrative hearing. (*Id.* at ¶ 14) On June 2, 2023, APER filed a complaint against K.M. seeking a reversal of the administrative hearing panel's decision. (*Id.* at ¶ 15) The two matters were then consolidated. (*Id.* at ¶ 17)

4. On July 18, 2023, the parties filed a joint stipulation to extend the deadline "for K.M. to file an answer, counterclaims or other pleadings" from August 7, 2023 to December 5, 2023. (D.I. 20 at 2) In accordance with the stipulated extension, K.M. filed its answer and counterclaims to APER's complaint on December 4, 2023, asserting counterclaims for violations of the IDEA, Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act based on APER's failure to provide him with a FAPE or an opportunity to

equally and effectively participate in and benefit from APER's educational services and programs. (D.I. 25 at ¶ 7)

5. K.M. also "appeals from the decision of the Panel for erroneous findings of fact and application of law." (*Id.*) K.M. argues that the panel erred in two ways. First, the panel erred in finding that APER provided a FAPE to K.M. between March of 2022 and June 4, 2022 and failing to award K.M. additional compensatory education for that period. (*Id.* at ¶ 19) Second, the panel erred in failing to award K.M. compensatory education for the period between October 28, 2022 and January 20, 2023, even though it found that APER failed to provide him with a FAPE during that time. (*Id.*)

6. **Legal standard.** Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true in the light most favorable to the plaintiff, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

7. When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiffs. *Umland v. Planco Fin.*, 542 F.3d 59, 64 (3d Cir. 2008). The court may consider only the allegations in the complaint, documents incorporated by reference into the complaint, and

matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see also Barrier 1 Sys., Inc. v. RSA Protective Techs., LLC*, C.A. No. 20-340-MN, 2021 WL 4622545, at *1 (D. Del. Oct. 7, 2021) (applying the Rule 12(b)(6) standard to a motion to dismiss counterclaims).

8. **Analysis.** APER argues that Count I of K.M.'s counterclaims should be dismissed because it is a permissive counterclaim that was not timely filed within the IDEA's 90-day statute of limitations to bring a complaint challenging a hearing panel decision. (D.I. 28 at 3-5) (citing 20 U.S.C. § 1415(i)(2)(B)). K.M. responds that Count I of his counterclaims is compulsory, not permissive, and it is therefore exempt from the 90-day statute of limitations. (D.I. 31 at 3-4)

9. Under Rule 13(a)(1), a "compulsory" counterclaim is one which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," whereas a permissive counterclaim is defined as "any claim that is not compulsory." Fed. R. Civ. P. 13(a)(1)(A); Fed. R. Civ. P. 13(b). A counterclaim is compulsory if it "bears a logical relationship" to the primary claim. *Azurity Pharms., Inc. v. Biopharma Inc.*, 650 F. Supp. 3d 269, 276 (D. Del. 2023) (quoting *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978)). A logical relationship, in turn, depends on whether the two claims "involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties." *Id.* "The concept of a 'logical relationship' has been viewed liberally to promote judicial economy." *Transam. Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389 (3d Cir. 2002).

10. K.M.'s first counterclaim is a compulsory counterclaim because it arises out of the same transaction or occurrence giving rise to the claims in APER's complaint. APER's

4

complaint challenges the factual findings and compensatory educational relief granted in the hearing panel's March 7, 2023 decision. (C.A. No. 23-604-SRF, D.I. 1) Similarly, Count I of K.M.'s counterclaims seeks the reversal of portions of the hearing panel's decision and an award of additional compensatory education. (D.I. 25 at ¶¶ 100-06)

11. APER does not meaningfully challenge K.M.'s position that Count I of the counterclaims arises out of the same transaction and occurrence as APER's complaint. Instead, APER contends that Count I should have been raised in a complaint within 90 days of the hearing panel's decision. (D.I. 28 at 5) But the Third Circuit's decision in *Jonathan H. v. Souderton Area School District* does not support APER's position. 562 F.3d 527, 530 (3d Cir. 2009). As in the instant case, Jonathan H. was granted only part of the relief he requested in the administrative decision, so he filed a complaint in the district court within the 90-day time frame set forth in the IDEA, 20 U.S.C. § 1415(i)(2)(B), seeking review of the denial of his tuition reimbursement claim. *Id.* at 528. In its answer and counterclaims, the school district challenged the administrative decision's award of compensatory education to Jonathan H. *Id.* Jonathan H. challenged the school district's counterclaim as untimely because it was not brought within 90 days of the final administrative decision, and the district court denied the school district's counterclaim on that basis. *Id.*

12. The Third Circuit reversed the district court's decision, noting that an IDEA action filed in the district court is an original "civil action," as opposed to an appeal, and it is therefore governed by the Federal Rules of Civil Procedure. *Id.* at 529. Under this rubric, the Third Circuit rejected the argument that the school district's compulsory counterclaim was an "action" under the IDEA that would subject it to the 90-day statute of limitations, holding instead that "the plain language of the IDEA allows for a compulsory counterclaim to be filed beyond the 90-

day window for bringing a civil action." *Id.* at 529-30. Similarly, K.M.'s counterclaim against APER is not untimely because the counterclaim is compulsory under Rule 13(a), and it was timely pleaded pursuant to the parties' stipulation to extend the deadline to file an answer and counterclaims to December 4, 2023. (D.I. 20) The IDEA's 90-day limitation on a plaintiff's right to bring a civil action does not bar K.M.'s compulsory counterclaim.

13. APER attempts to distinguish the Third Circuit's decision in *Jonathan H.* by noting that "the plaintiff challenged a mixed result from an administrative agency," whereas K.M. was the "prevailing party" at the administrative level in this case. (D.I. 28 at 5-6) But a review of the administrative decision confirms that the panel did not grant all the relief requested in K.M.'s due process complaint. (C.A. No. 23-604-SRF, D.I. 1, Ex. A at 44) For example, the panel carved out a period from March of 2022 through June 4, 2022, finding that K.M. was in an appropriate educational setting consistent with a FAPE during this time. (*Id.*, Ex. A at 34) The panel also determined that an award of compensatory education should not cover the period after October 28, 2022, even though K.M. was denied a FAPE through January 20, 2023. (*Id.*, Ex. A at 43) Although the administrative decision largely favored K.M., he did not receive all the requested relief. Under these circumstances, K.M. may pursue relief in federal court. *See Slack v. State of Del. Dep't of Pub. Instruction*, 826 F. Supp. 115, 120 (D. Del. 1993).

14. APER's reliance on the out-of-district decision in *Lloyd v. Ingenuity Prep Public Charter School*, 368 F. Supp. 3d 25 (D.D.C. 2019), is unpersuasive. The district court's decision in *Lloyd* is not binding on this court, and it expressly rejected the Third Circuit's binding analysis in *Jonathan H. Id.* at 29.

6

**15. Conclusion.** For the foregoing reasons, IT IS ORDERED that APER's motion to dismiss Count I of K.M.'s counterclaims is DENIED. (D.I. 28)

_____
Sherry R. Fallon
United States Magistrate Judge